UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.

STEVEN JAMES BENNETT,

         Defendant.

_____/

HON. ROBERT HOLMES BELL

Case No. 2:05-cr-05

**<u>REPORT AND RECOMMENDATION</u>**

This matter is before the Court on the issue of the defendant's competency to stand trial.  An indictment was returned on February 9, 2005,  alleging one count of abusive sexual contact and one count of simple assault on a person under the age of 16 years.  Defendant was arrested and appeared before the undersigned on February 10, 2005.  At that time, both the government and defense counsel requested that defendant undergo a psychiatric evaluation.  An order for psychiatric and medical evaluation was issued by the court.  On June 2, 2005, a competency hearing was conducted, at which time the court found defendant incompetent, based on the findings of a report filed on May 17, 2005, by the Federal Medical Center at Maseca, Minnesota.  Defendant was returned to the custody of the Attorney General for a period of four months for treatment to determine whether or not he could be restored to competency.

A second competency hearing was held on January 3, 2006.  Based on the psychiatric evaluation report filed by the Federal Medical Center at Butner, North Carolina, the defendant was

again found to be incompetent to stand trial.  The Federal Medical Center made a recommendation

for an additional period of hospitalization for the defendant to determine whether or not there was a

substantial probability that the defendant's mental condition would improve so that he could attain

the capacity to permit trial to proceed.  On January 4, 2006, an order was issued for further

evaluation and treatment of the defendant for a period not to exceed four months.

      On July 13, 2006, a report filed by the Federal Medical Center at Butner  found the

defendant to be "suffering from a mental disease or defect rendering him mentally incompetent to the

extent he is unable to understand the nature and consequences of the proceedings filed against him or

assist properly in his own defense, nor is there a substantial probability that his competency will be

restored in the foreseeable future."  The report suggested that  the defendant be returned to the

custody of the Attorney General for designation to a Medical Referral Center to undergo a risk

assessment in accordance with 18 U.S.C. § 4246.   A third competency hearing was conducted before

the undersigned on August 28, 2006, at which time the court was informed that neither the

government or defense counsel disagreed or objected to the findings of the report.

      For those reasons, I recommend the court find defendant not competent to stand trial

and that the charges in this matter be dismissed as to defendant Steven James Bennett.  I further

recommend that the defendant be returned to the custody of the Attorney General for designation to a

Medical Referral Center to undergo a risk assessment in accordance with 18 U.S.C. § 4246, to

determine whether or not the defendant's release would create a substantial risk of bodily injury to

another person or serious damage to the property of another.


         /s/ Timothy P. Greeley       
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 29, 2006


        *NOTICE TO PARTIES*:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).